UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL HOME LOAN MORTGAGE CORPORATION ("FREDDIE MAC")<br><br>Plaintiff,<br><br>v.<br><br>CHANHT REATREY KEO, et al.,<br><br>Defendants. | Case No. 19-cv-02099-JSC<br><br>**ORDER TO SHOW CAUSE TO DEFENDANT AS TO WHY THIS CASE SHOULD NOT BE REMANDED TO STATE COURT**<br><br>Re: Dkt. No. 1 |

Defendant Chanht Reatrey Keo, proceeding without counsel, removed this unlawful detainer action to federal court. (Dkt. No. 1.) Defendant Keo invokes federal subject matter jurisdiction under 28 U.S.C. § 1331 based on a purported "violation of 12 U.S.C. § 3708." (*Id.* at 2.) Federal question jurisdiction under 28 U.S.C. § 1331 requires a civil action to arise under the constitution, laws, or treaties of the United States. A claim "arises under" federal law only if the "well-pleaded complaint" alleges a cause of action based on federal law—"an actual or anticipated defense" does not confer federal jurisdiction. *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009). The defendant seeking removal "bears the burden of establishing that removal is proper" and the "removal statute is strictly construed against removal jurisdiction." *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009). Further, when a case is removed to federal court, the court has an independent obligation to satisfy itself that it has federal subject matter jurisdiction. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004). A case removed to federal court must be remanded back to state court "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c).

Here, Defendant Keo bases removal on federal question jurisdiction. However, the removed complaint makes only a *state law* claim for unlawful detainer. (*See* Dkt. No. 1 at 4.)

Defendant Keo's allegation that Plaintiff violated a federal statute is of no moment because "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987) (noting that "it is now settled law that a case may not be removed to federal court on the basis of a federal defense"); *see also U.S. Bank Nat'l Ass'n v. Terrenal*, No. 12–5540, 2013 WL 124355, at *2 (N.D. Cal. Jan. 8, 2013) (finding "no basis for asserting federal claim jurisdiction" where "[t]he complaint asserts only one state law claim for unlawful detainer").

Accordingly, the Court ORDERS Defendant Keo to SHOW CAUSE as to why this action should not be remanded to state court. Defendant Keo shall respond in writing by **May 20, 2019**. If Defendant Keo fails to respond or the response fails to establish a basis for federal subject matter jurisdiction, the Court will prepare a report and recommendation for a district judge to remand this action the Superior Court of the State of California, County of Marin.

**IT IS SO ORDERED.**

Dated: April 30, 2019

JACQUELINE SCOTT CORLEY
United States Magistrate Judge