UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL HOME LOAN MORTGAGE CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>CHANHT REATREY KEO, et al.,<br><br>Defendants. | Case No. 19-cv-02099-RS<br><br>**ORDER TO SHOW CAUSE TO DEFENDANT AS TO WHY THIS CASE SHOULD NOT BE REMANDED TO STATE COURT** |

Plaintiff Federal Home Loan Mortgage Corporation ("Freddie Mac") filed suit in Marin County Superior Court against Defendants Chanht Reatrey Keo, John Araiza, and Kenneth McCallister for unlawful detainer following foreclosure sale on November 1, 2018. (Dkt. 1 at 7.) Keo, originally proceeding pro se, removed this unlawful detainer action to federal court on April 18, 2019. (Dkt. 1 at 3.) The originally assigned magistrate judge subsequently issued an order to show cause to Keo as to why this case should not be remanded to state court, raising concerns that he had not yet established a basis for federal subject matter jurisdiction. (Dkt. 3.) After retaining counsel, Keo submitted a response asserting that federal courts have original jurisdiction over suits involving Freddie Mac. (Dkt. 5.) The magistrate judge agreed and discharged the order to show cause. (Dkt. 6.) Shortly thereafter, Freddie Mac declined magistrate judge jurisdiction, and this case was reassigned. (Dkt. 15, 19.)

In addition to establishing a basis for federal subject matter jurisdiction, the removing defendant must comply with the mandatory time limits of 28 U.S.C. § 1446(b). *Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1212 (9th Cir. 1980). "[A] timely objection to a late petition

[for removal] will defeat removal . . . ." *Id.* "[E]ach defendant is entitled to thirty days to exercise his removal rights after being served." *Destfino v. Reiswig*, 630 F.3d 952, 956 (9th Cir. 2011) (analyzing 28 U.S.C. § 1446(b)). Formal service of process is required to trigger the 30-day period. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999) (holding that receipt of a faxed courtesy copy of the complaint did not trigger removal deadline). A defendant may remove a case beyond the initial 30-day period if the case only *becomes* removable sometime after the initial commencement of the action, but only if a notice of removal is filed within thirty days after defendant receives a copy of an "amended pleadings, motion, order or other paper" from which the defendant can first determine the case is or has become removable. § 1446(b)(3). Moreover, where there are multiple defendants, all defendants who have been properly joined and served must join in or consent to the removal of the action. § 1446(b)(2). Where doubt exists regarding the right to remove an action, it should be resolved in favor of remand to state court. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003).

Here, Keo's contention that suing Freddie Mac creates original jurisdiction implies that the lawsuit was removeable in the first instance. Additionally, even though the record does not include proof of service of the Complaint to Keo, Keo's state court filings indicate he had notice of the Complaint in November 2018, several months before removing this case to federal court. (*See* Dkt. 1 at 15-17, 24.)[1] Finally, although the record is devoid of facts to suggest that either Defendant John Araiza or Defendant Kenneth McCallister were properly joined or served in the state court action, there is also no evidence either defendant consented to or joined the removal.

Accordingly, Keo is ordered to show cause as to why this action should not be remanded to state court no later than **June 18, 2019**. If Keo fails to respond or the response fails to establish that Keo followed the requirements of section 1446 in filing his notice of removal, the action will

---

[1] Keo noticed both his motion to demurrer and motion to stay the unlawful detainer action pending appeal for January 2, 2019 before the Marin County Superior Court. (Dkt. 1 at 9, 18.) It is unclear from the record if the state court has issued a ruling regarding either of Keo's motions prior to his notice of removal.

be remanded to the Marin County Superior Court.

**IT IS SO ORDERED**.

Dated: June 10, 2019

_____
RICHARD SEEBORG
United States District Judge