CHANT REATREY KEO
16 Falmouth Cove
San Rafael, CA 94901
Pro Se

FILED
2019 NOV 15 P 12: 44
SUSAN Y. SOONG
CLERK, US DISTRICT COURT
NO. DIST. OF CA.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| FEDERAL HOME LOAN MORTGAGE CORPORATION,<br><br>Plaintiff<br><br>v.<br><br>CHANHT REATREY KEO,<br><br>Defendant | Case No. 3:19-cv-02099-RS<br><br>**BRIEFING RE BURFORD ABSTENTION AND POSSIBLE REMAND TO STATE COURT** |

DEFENDANT KEO POSITION

Defendant Keo requests that the Court not remand the case back to State Court because after a review of the law and facts, such a remand would not be a proper application of the Burford Abstention Doctrine. The factors that are used to determine whether to follow the Burford Abstention Doctrine are not satisfied in this case; consequently, the Court must retain jurisdiction of this case.

The Court is well aware that the Burford abstention doctrine is a very narrow exception to the general duty of the federal court to exercise jurisdiction. The factors used to determine whether to apply Burford involve (a) whether federal court intervention would disrupt a a state's complex regulatory system for cases, and (2) the existence of a state forum with specific competence for centralized review. Not only are these factors fully satisfied to justify using Burford, but the underlying facts also argue against applying this particular abstention doctrine. Federal courts normally apply the Burford doctrine to equitable actions. That is not the type of case before this Court.

One of the key factors in applying Burford is determining whether federal intervention would have major impact on policy and regulation. There is no evidence that hearing this case in federal court would have a disruptive impact on California's regulatory system. Without any evidence to support that possibility, the Court should not apply Burford.

There are several examples in case law that support not applying Burford to this case. The determining factors are laid out in a federal court decision In *Todd v. DSN Dealer Serv. Network*, 861 F. Supp. 1531 (D. Kan. 1994), the court observed that

> "The Burford abstention doctrine is as follows: Where timely and adequate state-court review is available, a federal court sitting in equity must decline to interfere with the proceedings or orders of state administrative agencies: (1) when there are difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result in the case then at bar; or (2) where the

exercise of federal review of the question in a case and in similar cases would be disruptive of state efforts to establish a coherent policy with respect to a matter of substantial public concern."

As aforementioned, there is no evidence to support that hearing this action would disrupt state policy and there are no difficult questions of state law per the Todd ruling that would raise the need to remand the case. There are similar cases, including this jurisdiction, that do not support applying Burford in cases that are seeking non-equitable relief. See *Tribune Co. v. Abiloa*, 66 F.3d 12, 16 (2d Cir. 1995) ("Burford abstention is generally appropriate only in cases where equitable relief is sought."), *Garamendi v. Allstate Ins. Co.*, 47 F.3d 350, 356 (9th Cir. 1995) ("[A] district court may not abstain under Burford when the plaintiff seeks only legal relief."), *Riley v. Simmons*, 45 F.3d 764, 777 (3d Cir. 1995) (Nygaard, J., concurring) ("Burford abstention is simply not available when legal, rather than equitable or declaratory, relief is sought."), *Fragoso v. Lopez*, 991 F.2d 878, 882 (1st Cir. 1993) (abstention is improper in cases asserting only inequitable claims), and *Univ. of Md. at Balt. v. Peat Marwick Main & Co.*, 923 F.2d 265, 271 (3d Cir. 1991). The Ninth Circuit has also been hesitant to apply Burford when the case has been removed to federal court, such as in this instance. See *Kirkbride v. Continental Casualty Co.*, 9i33 F.2d 729 (1991), quoting *New Orleans Pub. Serv., Inc. v. Council of City of New Orleans*, 491 U.S. 350, 361, 109 S. Ct. 2506, 2514, 105 L. Ed. 2d 298 (1989). "Burford abstention is designed to protect "complex state administrative processes from undue federal interference."

For all of the reasons listed above, Defendant Keo requests the Court not apply the Burford doctrine and decline to remand the case back to state court.

DATE: November 5, 2019

CHANHT REATREY KEO

## PROOF OF SERVICE

I, the undersigned, declare that I am over the age 18, and am not a party to this action. I am employed in the City and County of Marin, California: my address is 256 Canal Street, San Rafael, California 94901.

On the date below, I served a copy, with all exhibits(if any), of the following document:

JOINBRIEFING STATEMENT

On all interested party in said case addressed as follows;

Federal Home Loan Mortgage, Corp.          Attorney Malissa Coutts

McCarthy Holthus,LLP                       411 Ivy Street, San Diego, CA 92101

[x ] (BY MAIL) I caused an envelope to be deposited in the mail at San Rafael, California with first class postage thereon fully prepaid.

I am readily familiar with practice of collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States postal Service in sealed envelope with first class postage fully prepaid.

[ ] BY ELRCTRONIC SERVICE: I electronically served the documents described above via The **TrueFilin** system on the recipients designated on the Transaction Receipt located on the **TrueFiling** Website(https://www.TrueFiling.com) pursuant to the Court Order establishing te case websit and authorizing service documents.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on November 14, ,2019.

*Emett Rosen*

· Emett Rosen