UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL HOME LOAN MORTGAGE CORPORATION,<br><br>    Plaintiff,<br><br>    v.<br><br>CHANHT REATREY KEO, *et al.*,<br><br>    Defendants. | Case No. 19-cv-02099-RS<br><br>**ORDER GRANTING SUMMARY JUDGMENT** |

## I. INTRODUCTION

Plaintiff Federal Home Loan Mortgage Corporation ("Freddie Mac") moves for summary judgment in its unlawful detainer action against defendant Chanht Reatrey Keo.[1] Freddie Mac claims that the undisputed material evidence establishes that: it acquired the property at 18 Falmouth Cove, San Rafael, California at a nonjudicial foreclosure sale on September 26, 2018; it gave Keo, the holdover resident, the requisite notice to vacate; and Keo nonetheless remains in possession of the property. Keo raises numerous arguments in opposition. This motion is suitable for disposition without oral argument pursuant to Civil Local Rule 7-1(b), and the hearing scheduled for May 14, 2020 is therefore vacated. For the reasons explained herein, the motion is granted, subject to the conditions imposed below.

---

[1] Freddie Mac has also named John Araiza, Kenneth McCallister, and Does 1-10 as defendants. Neither Araiza nor McCallister has appeared or otherwise participated in this lawsuit. This Order proceeds as though Keo is the sole defendant, but it also applies to anyone else currently residing at the property in question, pursuant to California Code of Civil Procedure section 415.46.

## II.  BACKGROUND

In December of 2008, Keo obtained a home loan for 18 Falmouth Cove in San Rafael, California from Countrywide Bank, FSB in the amount of $417,000.  This loan was secured by a Deed of Trust which was recorded with the Marin County Recorder's Office on December 9, 2008.  By September of 2011, Keo had fallen behind in her obligations under the loan, which was then nearly $80,000 past due.

By that time, the beneficiary and trustee of the Deed of Trust had changed.  The original beneficiary was Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for the original lender Countrywide Bank, FSB.  MERS subsequently assigned the Deed of Trust to BAC Home Loans Servicing, LP FKA Countrywide Home Loans Servicing LP in 2011.  Through a merger, BAC Home Loans Servicing became Bank of America, N.A., which on September 15, 2011 substituted Quality Loan Service Corporation ("Quality Loan") as trustee of the Deed of Trust.  This Substitution of Trustee was recorded with the Marin County Recorder's Office on September 15, 2011.

Given Keo's substantial default by that time, Quality Loan instituted nonjudicial foreclosure by recording a Notice of Default and Election to Sell in 2011, followed by a Notice of Trustee's Sale in 2018.[2]  Prior to the sale, Bank of America, N.A. had assigned to Nationstar Mortgage LLC ("Nationstar") all beneficial interest under the Deed of Trust, as reflected in an Assignment of Deed of Trust recorded with the Marin County Recorder in January 2013.

Quality Loan held a nonjudicial trustee's sale on September 26, 2018, at which Nationstar

---

[2] This substantial delay between the notice of default and the notice of the trustee's sale was in part attributable to Keo's bankruptcy filings and her multiple unsuccessful lawsuits in state court alleging wrongful disclosure and related claims in the interim.  In addition, Keo later filed a lawsuit in this Court against Freddie Mac, asserting a constitutional claim and a cancellation of instruments claim.  This action was dismissed with prejudice on *res judicata* grounds, given the allegations overlapped those made in the three prior lawsuits in state court.  *See* Order Granting Mot. to Dismiss, Dkt. No. 37, *Keo v. Fed. Home Loan Mortg. Corp.*, 19-cv-02688-RS (N.D. Cal. Sept. 13, 2019).  Keo appealed, but the Ninth Circuit dismissed the appeal for failure to prosecute. *See* Order of USCA, Dkt. No. 46, *Keo v. Fed. Home Loan Mortg. Corp.*, 19-cv-02688-RS (N.D. Cal. Jan. 17, 2020).  Although the foreclosure at issue was upheld in each lawsuit, including on appeal, this complex litigation history is not directly relevant to the unlawful detainer action.

submitted the highest credit bid of $713,140.27.  Nationstar then directed Quality Loan to issue the Trustee's Deed Upon Sale to Freddie Mac.  This Trustee's Deed was recorded with the Marin County Recorder's Office on October 9, 2018.  From December 2008 up through the nonjudicial foreclosure sale in 2018, Keo remained at 18 Falmouth Cove, and by the time of the sale, the amount of her unpaid debt had grown to $726,637.43.

Shortly after the foreclosure sale, on October 26, 2018, Keo was served with a three-day written Notice for Possession.  Because Keo did not vacate the property, Freddie Mac filed this sole unlawful detainer action in Marin County Superior Court on November 5, 2018.  Keo removed the case to federal court five months later.

Following limited discovery, Freddie Mac filed the instant motion for summary judgment.  It emphasizes that unlawful detainer actions are meant to be summary proceedings that implicate only the right to possession, rather than broad questions of title.  Freddie Mac claims the undisputed evidence establishes that a nonjudicial foreclosure sale was conducted in accordance with California Civil Code § 2924.  It further claims that title was duly perfected, as reflected in Marin County records.  Further, because time-stamped photographs prove Keo was then given the requisite three-day notice to vacate but refused to do so, Freddie Mac claims that it is entitled to judgment as a matter of law.  In connection with its motion, Freddie Mac requests that the Court take judicial notice of various records pertaining to the Deed of Trust and foreclosure sale.

Keo opposes the motion.  She first argues the operative complaint was not properly verified, which would deprive this Court of subject matter jurisdiction.  She further claims that all the relevant documents are forgeries and are therefore void.  Lastly, Keo argues that the foreclosure sale at issue was not conducted in compliance with California Civil Code § 2924, which would defeat the unlawful detainer claim.

## III.  LEGAL STANDARD

Under Federal Rule of Civil Procedure 56, summary judgment is appropriate if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  The moving party "bears the initial responsibility of informing the district

ORDER GRANTING MOT. FOR SUMM. J.
CASE NO. 19-cv-02099-RS
3

court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "The non-moving party must then offer evidence of such a caliber that 'a fair-minded jury could return a verdict for the [nonmoving party] on the evidence presented. The mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient.'" *United States v. Wilson*, 881 F.2d 596, 601 (9th Cir. 1989) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)). "The deciding court must view the evidence, including all reasonable inferences, in favor of the non-moving party." *Reed v. Lieurance*, 863 F.3d 1196, 1204 (9th Cir. 2017).

## IV. ANALYSIS

### A. Judicial Notice

In connection with its motion for summary judgment, Freddie Mac requests that the Court take judicial notice of various documents including papers filed with the Marin Country Recorder's Office, a newspaper notice, and an order of this Court. Federal Rule of Evidence 201(b) provides the criteria for judicially noticed facts: "A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." As to documents recorded with the County Recorder's Office (*i.e.* Exhibits 1-6, 9), judicial notice is appropriate of the adjudicative facts reflected therein. *See Jara v. Aurora Loan Servs.*, 852 F. Supp. 2d 1204, 1205 n.2 (N.D. Cal. 2012) (taking judicial notice of facts contained in notice of default as a public record); *W. Fed. Sav. v. Heflin*, 797 F. Supp. 790, 792 (N.D. Cal. 1992) (taking judicial notice of documents in a county public record, including deeds of trust.) This Court's recent Order in the related case between these two parties is likewise a proper candidate for judicial notice, as its authenticity is "not subject to reasonable dispute." Fed. R. Evid. 201(b). Moreover, because exhibit 8 contains a notice published in a local newspaper readily subject to verification, it too is ripe for judicial notice. The Court will not, however, take judicial notice of exhibit 7, the Posting Certificate,

1  because it is not alleged that this was filed with the Marin County Recorder's Office, nor is its
2  accuracy beyond dispute. While the photos do appear to depict postings on the front door of 18
3  Falmouth Cove, the document itself lacks the independently verifiable quality of the others.
4  Accordingly, Freddie Mac's request for judicial notice is granted with respect to all exhibits
5  except exhibit 7.

6       Keo belatedly submitted her own requests for judicial notice. Other than what she deems
7  Exhibit 1 (which is identical to plaintiff's Exhibit 4, *i.e.* the September 15, 2011 Notice of
8  Default), her requests relate to materials for which judicial notice is not appropriate. For example,
9  she requests judicial notice of certain provisions of the California Civil Code, and various
10 California Supreme Court decisions. Judicial notice is unnecessary for these materials, and Keo is
11 free to reference these materials in briefs without establishing that they are proper subjects for
12 judicial notice. Lastly, Keo asks that the Court take judicial notice of her own supplemental brief
13 in opposition to summary judgment, filed approximately one week prior. Judicial notice is
14 likewise not required or appropriate in this instance. Keo's request for judicial notice is therefore
15 denied as moot.

**B. Verification of the Complaint**

     Keo raises a foundational challenge to this Court's subject matter jurisdiction as part of her opposition to summary judgment. Specifically, she claims this Court lacks subject matter jurisdiction because Freddie Mac's complaint was not properly verified. The unlawful detainer complaint was verified by Kaitlin Preston, an attorney for plaintiff. *See* Compl., attached to Notice of Removal, Dkt. No. 1 at 8. Keo appears to argue that the complaint should have been verified by an officer of Plaintiff rather than by one of plaintiff's attorneys. However, California Code of Civil Procedure § 446(a) allows for attorney verification when the party is not present in the county where counsel's office is located, so long as the attorney's affidavit "state[s] that he or she has read the pleading and that he or she is informed and believes the matters therein to be true and on that ground alleges that the matters stated therein are true." Preston's verification does just that, and it is therefore adequate. Keo's reliance on *Silcox v. Lang*, 78 Cal. 118, 121-22(1889) is

misplaced, as that century-old case did not discuss a situation of attorney verification due to the party's absence from the county.[3]

Keo further claims that an attorney-verified complaint cannot be "used as evidence" in supporting summary judgment. Def.'s Opp'n, Dkt. No. 53 at 10. This argument misses the mark, however, because Freddie Mac has supported its motion for summary judgment through the Declarations of Bounlet Louvan and Matthew Anderson and the request for judicial notice, to which Keo does not substantively object, other than through conclusory allegations of forgery. In short, the fact that an attorney verified Freddie Mac's original complaint for unlawful detainer does not deprive this court of subject matter jurisdiction over this case.

**C. Unlawful Detainer**

California Code of Civil Procedure section 1161a(b)(3) sets forth the elements of an unlawful detainer action following a trustee's sale. The statute states:

> (b) In any of the following cases, a person who holds over and continues in possession of . . . real property after a three-day notice to quit the property has been served upon the person . . . may be removed therefrom as prescribed in this chapter:
> . . . .
> (3) Where the property has been sold in accordance with Section 2924 of the Civil Code, under a power of sale contained in a deed of trust executed by such person, or a person under whom such person claims, and the title under the sale has been duly perfected.

Moreover, unlawful detainer actions are of limited scope. A plaintiff "must prove his acquisition

---

[3] Many of Keo's legal arguments were admittedly difficult to follow at times, in part because she was apparently navigating this complicated area of the law *pro se*. This is perplexing, however, because just nine days prior to Freddie Mac's filing of the motion for summary judgment, the Court approved the request of Jonathan Matthews, an attorney barred in California, to represent Keo in this action. *See* Order Granting Mot. to Substitute Counsel, Dkt. No. 50. From that point forward, Matthews should have been zealously advocating for his client, drafting briefs on her behalf, and submitting those filings electronically through ECF. Instead, Keo continued to submit filings *pro se*, and certain muddled portions suggest Matthews exercised little, if any, oversight in the drafting of these documents. To give Keo the benefit of the doubt, her filings will be liberally construed, consistent with the treatment of *pro se* litigants. *Cf. Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam). That said, Matthews ought to have played a greater role in this process. To add insult to injury, he then promptly moved to withdraw just weeks later. *See* Mot. to Substitute Attorney, Dkt. Nos. 59, 60. The request to withdraw is denied. Because the U.S. Marshal will not be effectuating this Order for some time as explained below, Matthews is expected to assist Keo as her attorney through this difficult process in the interim.

of title by purchase at the sale; but it is only to this limited extent, as provided by statute, that the title may be litigated in such a proceeding." *Cheney v. Trauzettal*, 9 Cal. 2d 158, 160 (1937). "Matters affecting the validity of the trust deed or primary obligation itself, or other basic defects in the plaintiff's title, are neither properly raised in this summary proceeding for possession nor are they concluded by the judgment." *Id.; see also Dr. Leevil, LLC v. Westlake Health Care Ctr.*, 6 Cal. 5th 474, 483 (2018) (quoting *Cheney*, 9 Cal. 2d at 160).

Freddie Mac is therefore entitled to summary judgment if it can establish through undisputed material evidence that: (1) 18 Falmouth Cove was sold in accordance with Civil Code section 2924; (2) Freddie Mac's title was duly perfected; (3) the requisite notice to vacate was served on Keo as described in California Code of Civil Procedure section 1162; and (4) Keo remains in possession of the property. *See Litton Loan Servicing, L.P. v. Villegas*, No. 10-cv-05478, 2011 WL 204322, at * 2 (N.D. Cal., January 21, 2011) (citing *Evans v. Superior Court,* 67 Cal. App. 3d 162, 168, (1977)).

    **a. Foreclosure Sale Under Cal. Civ. Code § 2924**

Following the nonjudicial foreclosure sale, Freddie Mac promptly filed with the Marin County Recorder's Office the Trustee's Deed Upon Sale. When a trustee's deed contains recitals that the trustee has complied with all requirements of notice and publication, these recitals "constitute prima facie evidence of compliance with these requirements and conclusive evidence thereof in favor of bona fide purchasers and encumbrancers for value and without notice." Cal. Civ. Code § 2924(c). Here, this presumption is bolstered by the evidence referenced in the Louvan Declaration cataloging compliance with Section 2924 *et seq*.

Keo, by contrast, fails to present any declaration or other documentary evidence to create a genuine issue of material fact concerning the trustee's compliance with the statutory requirements in connection with the foreclosure sale. Rather, Keo focuses her opposition on events preceding the foreclosure sale. For example, she argues the loan servicer failed to contact her to discuss alternatives to foreclosure, as required by Civil Code section 2923.5. This argument is unavailing, however, because once a trustee sale is completed, a loan servicer's noncompliance with Section

2923.5's requirements has no effect on the title. *See Mabry v. Superior Court*, 185 Cal. App. 4th 208, 214-15 (2010) (holding that a lender's noncompliance with section 2923.5 does not affect the title to the foreclosed property following a foreclosure sale).

Keo also attaches a "Securitization Audit" which she claims uncovered numerous improprieties in the foreclosure process. However, this document was produced in 2012, nearly six years before the trustee sale in question. *See* Keo Decl. Ex. A. Moreover, the report includes a disclaimer that its author made "no attempt . . . to contact the lender, broker, title company or servicer" to verify any of the information, but rather relied solely on information provided by Keo. *See id.* at 2. In short, this audit fails to create a disputed issue of material fact as to the 2018 trustee sale.

Lastly, Keo argues that the documents referenced in the complaint are forgeries and therefore "void as a rusted doornail." Def.'s Opp'n, Dkt. No. 53 at 10. Although Keo purportedly makes these allegations as to all relevant documents, she specifically claims that the "Deed of Trust was forged." *Id.* Earlier, however, Keo acknowledged signing the 2008 Deed of Trust and accepting the $417,000 in loan proceeds. *See* Keo Decl., attached to Notice of Removal, Dkt. No. 1 at 23. Keo also relies on this same Deed of Trust in her supplemental filing. *See* Deft.'s Supplemental Br., Dkt. No. 56, Ex. 1. Regardless, Keo's claims of widespread forgery, without even a "scintilla of evidence" to substantiate them, are too conclusory to create a genuine issue of material fact. *Wilson*, 881 F.2d at 601. Moreover, these arguments challenge the "validity of the trust deed or primary obligation itself," which are outside the scope of a summary unlawful detainer proceeding. *Cheney*, 9 Cal. 2d at 160. These allegations of forged loan origination documents, therefore, fail to raise a genuine issue of material fact as to the compliance of the foreclosure sale with Civil Code section 2924.

**b. Notice to Vacate Under Cal. Civ. Code § 1162**

Freddie Mac establishes that it served the Notice to Vacate as required by Civil Code section 1162 through the declaration of Matthew Anderson, a process server for Nationwide Legal, LLC. Attached to this declaration are time-stamped photographs with GPS coordinates

showing the notice conspicuously attached to Keo's front door on October 26, 2018. *See* Anderson Decl., Dkt. No. 51-3 at 12-15. Keo does not challenge the arguments or evidence supporting this element of an unlawful detainer claim. It is therefore deemed conceded for purposes of this motion. *See* Fed. R. Civ. P. 56(e); *Foster v. City of Fresno*, 392 F. Supp. 2d 1140, 1146-47 n.7 (E.D. Cal. 2005) ("[F]ailure of a party to address a claim in an opposition to a motion for summary judgment may constitute a waiver of that claim.") (citing *Abogados v. AT&T, Inc.*, 223 F.3d 932, 937 (9th Cir. 2000)).

### c. Defendant Remaining in Possession

Keo likewise does not dispute Freddie Mac's allegation that Keo continues to reside at 18 Falmouth Cove, where she has lived since 2008. This element is also deemed conceded for purposes of this motion. *See* Fed. R. Civ. P. 56(e). Accordingly, because Freddie Mac has established that there are no disputed issues of material fact as to any of the element of its unlawful detainer claim, it is entitled to judgment as a matter of law.

## V. CONCLUSION

Based on the foregoing, plaintiff's motion for summary judgment is granted. It is further ordered that:

(1) Plaintiff Freddie Mac is entitled to possession of the real property located at 18 Falmouth Cove, in San Rafael, California and owns the property outright. Neither Keo nor any other occupant pursuant to California Code of Civil Procedure section 415.46 has a legal right to reside there.

(2) Keo and all other occupants are hereby enjoined from taking any action which would diminish the value of the property or stand in the way of Freddie Mac in its use, inspection, or sale of the property.

(3) Keo and all other occupants are ordered to remove themselves and their personal belongings from the subject property by the effective date of this order. If any occupant fails to vacate the premises, the U.S. Marshal is hereby authorized and ordered physically to remove the occupant from the property as provided below.

(4) Keo and all other occupants are hereby enjoined (a) from remaining on the property after the effective date of this order, (b) from interfering with plaintiff's taking possession of the property, and (c) from any future use and occupancy of the property without plaintiff's permission.

(5) To facilitate the possession of the property by Freddie Mac, the US. Marshal is hereby authorized and ordered to serve the defendant, Chanht Reatrey Keo, in person, or to post on the subject property, a copy of this Order providing for Freddie Mac's possession of the property, together with the following notice:

> **TO: CHANHT REATREY KEO AND ANY OTHER OCCUPANTS:**
>
> **If, after personal service on the defendant, Chanht Reatrey Keo, or service by posting, the premises are not vacated by the effective date of this order (July 6, 2020), the levying officer, the U.S. Marshal, will remove Chanht Reatrey Keo and any other occupants from the subject property and place Freddie Mac in possession of the property.**
>
> **Personal property remaining on the premises will be sold or otherwise disposed of unless the defendant, Chanht Reatrey Keo, or other occupants pay(s) Freddie Mac the reasonable cost of storage and take(s) possession of the personal property no later than 15 days after the time Freddie Mac takes possession of the premises.**

(6) No further orders are required of Freddie Mac to effect possession of the property through the U.S. Marshal's Service.

(7) This Order shall take effect on Monday, July 6, 2020. This delay is justified in light of the ongoing public health crisis and shelter-in-place order. Keo and all other occupants are advised to use the intervening period to make arrangements to avoid forcible removal by the U.S. Marshal on July 6, 2020.

(8) Keo's counsel of record, Jonathan Matthews, is ordered to explain every aspect of this Order to his client and to advise her on the consequences of forcible removal. Matthews is encouraged to negotiate with Freddie Mac on his client's behalf to facilitate an orderly move and obviate the need for forcible removal by the U.S. Marshal on July 6, 2020.

(9) In addition to seeking restitution of the subject property, Freddie Mac's complaint seeks

"damages in an amount to be determined, according to proof, at trial, at a daily rate from 11/1/2018 [*i.e.* immediately following expiration of the three-day notice Keo received following the foreclosure sale], until the date that judgment for Plaintiff is entered by the Court" and "costs herein and further relief as is proper." Compl., attached to Notice of Removal, Dkt. No. 1 at 7. However, plaintiff's motion for summary judgment was silent as to monetary damages. Because California Code of Civil Procedure section 1174(b) provides for damages to be determined by a trier of fact in an unlawful detainer action, Freddie Mac is ordered to file a motion not to exceed five pages by May 21, 2020 explaining whether it still seeks monetary damages, and if so, how those damages should be calculated. This motion should also include a proposed judgment. Through counsel, Keo may file an opposition brief not to exceed five pages, due on June 4, 2020. The Court will then resolve the damages question without oral argument pursuant to Civil Local Rule 7-1(b) and enter judgment accordingly.

**IT IS SO ORDERED**.

Dated: May 8, 2020

RICHARD SEEBORG
United States District Judge