UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL HOME LOAN MORTGAGE CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>CHANHT REATREY KEO, et al.,<br><br>Defendants. | Case No. 19-cv-02099-RS<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO STAY PENDING APPEAL** |

I. INTRODUCTION

Defendant Chanht Reatrey Keo moves to stay enforcement of the judgment in this unlawful detainer action while she pursues an appeal.[1]  Absent a stay, Keo would be evicted on July 6, 2020, pursuant to the judgment entered against her on May 26, 2020.  Plaintiff Federal Home Loan Mortgage Corporation ("Freddie Mac") opposes Keo's request to stay the lockout for the duration of Keo's appeal.  However, Freddie Mac requests that eviction be stayed until August 31, 2020, in light of the Federal Housing Finance Agency's extension of an eviction moratorium in place due to the pandemic.  This matter was taken under submission without oral argument, pursuant to Civil Local Rule 7-1(b).  For the reasons explained herein, the motion for a stay pending appeal is granted in part and denied in part.

---

[1] The factual and procedural background of this action were recounted in prior orders and need not be repeated here.  *See, e.g.*, Order Granting Mot. for Summary J., Dkt. 52.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 62 explains when proceedings to enforce a judgment may be stayed in federal court.[2] The rule provides:

> (a) Automatic Stay. Except as provided in Rule 62(c) and (d), execution on a judgment and proceedings to enforce it are stayed for 30 days after its entry, unless the court orders otherwise.
>
> (b) Stay by Bond or Other Security. At any time after judgment is entered, a party may obtain a stay by providing a bond or other security. The stay takes effect when the court approves the bond or other security and remains in effect for the time specified in the bond or other security.

*Id.*

## III. DISCUSSION

Because the parties now agree that eviction in this matter should not take place until August 31, 2020 at the earliest, enforcement of the judgment in this action is stayed until that date. To stay enforcement beyond that date, Keo will have to post a *supersedeas* bond pursuant to Rule 62(b).

Therefore, should Keo still desire to stay the lockout beyond August 31, 2020 while her appeal is pending, she must file a renewed motion to stay pending appeal, in which she must identify what she believes would be an adequate bond to compensate Freddie Mac for lost use of the premises during the pendency of her appeal. She must file this renewed motion by Friday, August 14, 2020.

---

[2] Keo relies on the standard for staying enforcement under California state law, which requires a stay when the movant makes a showing of extreme hardship absent a stay, and the nonmovant will not be irreparably injured. *See* Cal. Code Civ. Proc. § 1176(a). However, as noted in a prior order, a federal court is bound to apply state *substantive* law on a state law claim, but not state procedural law. *See* Case Mgmt. Scheduling Order, Dkt. 37, at 3 n.3 ("In keeping with other courts in this district to have considered the issue, the Federal Rules of Civil Procedure will apply here.") (citing cases). Regardless, Keo would fail under this state law procedural standard as well, as she cannot make a showing of extreme hardship absent a stay. She has had years to plan for this eventuality, and her reference to Bay Area rents as too expensive and therefore her need to sleep on the street is not compelling. Because the record suggests Keo has not paid for housing for nearly a decade, Keo should have some plan in place to find an alternate residence. Given all unlawful detainer actions entail a significant disruption, more must be required to satisfy the extreme hardship standard.

By Friday, August 21, 2020, Freddie Mac must file an opposition, which should include what it believes would be a fair bond amount tied to the fair rental value of the property for the expected duration of the appeal. Both parties should also address whether any subsequent changes to any local, state, or federal eviction moratoriums apply to this action. Lastly, nothing in this order should be construed as limiting the power of the appellate court to stay enforcement of the judgment pending appeal. *See* Fed. R. Civ. P. 62(g); Fed. R. App. P. 8.

## IV.  CONCLUSION

Based on the foregoing, enforcement of the judgment in this unlawful detainer action is stayed until August 31, 2020, subject to a further stay contingent on Keo renewing her request and posting an adequate bond.

**IT IS SO ORDERED**.

Dated:  July 2, 2020

RICHARD SEEBORG
United States District Judge

ORDER
CASE NO. 19-cv-02099-RS