UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

FEDERAL HOME LOAN MORTGAGE
CORPORATION,

            Plaintiff,

      v.

CHANHT REATREY KEO, et al.,

            Defendants.

Case No. 19-cv-02099-RS

**ORDER GRANTING IN PART AND
DENYING IN PART MOTION TO
STAY PENDING APPEAL**

Defendant Chanht Reatrey Keo ("Keo") suffered an adverse judgment in this unlawful detainer action last May. Keo since has engaged in a steady course of dilatory legal maneuvering to avoid losing possession of her longtime home. *See* Dkts. 69, 74. By July, these efforts had taken the form of an appeal, and a corresponding motion that enforcement of the judgement against her be stayed pending the Ninth Circuit's ruling. The motion was unpersuasive. *See* Order, Dkt. 78. Yet because, by the time the motion was submitted, the Federal Housing Finance Agency ("FHFA") had directed plaintiff Federal Home Loan Mortgage Corporation ("Freddie Mac") to defer all eviction activity in light of the ongoing COVID-19 pandemic, Keo nevertheless secured a victory of sorts. Specifically, while her lockout was stayed until August 31—the expiration date of FHFA's moratorium—she was informed that a further stay would only issue upon her posting of a *supersedeas* bond, and explicitly ordered to "identify," in any renewed stay motion she might bring, "an adequate bond to compensate Freddie Mac for lost use of the premises during the pendency of her appeal." *Id.* at 2. With August 31 looming, Keo both renewed her motion and defied that order. Rather than taking a good-faith guess at a bond amount that might tide Freddie

Mac over, Keo elected to argue "no bond," or, at most, "a nominal one" should be imposed. Dkt. 81 at 10.

This argument cannot withstand the reality that Keo, through her litigation posturing, has lived free of any financial outlay for years. Even so, Keo is saved once more by external forces: FHFA has extended the moratorium through the end of this calendar year. Accordingly, no enforcement of the judgment against Keo shall take place until January 1, 2021, at the earliest. Should Keo wish to stay her eviction beyond that date, she *must* do so in a motion that (i) is no longer than three pages, (ii) addresses itself *solely* to the subject of an appropriate bond, using relevant market data to arrive at a concrete and sizable figure reflecting the fair rental value of the property for the expected duration of the appeal,[1] and (iii) is filed by Friday, December 4, 2020. Any opposition by Freddie Mac must be filed by Friday, December 11, 2020.

Finally—and setting aside purely legal considerations—Keo is encouraged earnestly to pursue alternate living arrangements. Her considerable history of creditor-dodging notwithstanding, this time is, by any honest assessment, different. It is therefore incumbent on her to begin searching, if she has not already, for a new place to call home. This obligation is of the utmost urgency: in the event a *supersedeas* bond is not posted, and a stay pending appeal (or pending a further moratorium deadline) is not issued, the choice between Keo's orderly dispossession of the premises or forcible removal by the U.S. Marshal is entirely up to her.[2]

**IT IS SO ORDERED**.

Dated: October 9, 2020

RICHARD SEEBORG
United States District Judge

---

[1] Keo may only depart from this subject matter mandate in order to address any future applicable eviction moratoriums. Beyond this narrow exception, her non-bond-related contentions will not be entertained.

[2] Nothing in this order should be construed as suggesting a limitation on the power of the appellate court to stay enforcement of the judgment pending appeal. *See* Fed. R. Civ. P. 62(g); Fed. R. App. P. 8.