**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 15 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FEDERAL HOME LOAN MORTGAGE CORPORATION, a corporation organized and existing under the laws of the United States of America, its assignees and/or successors,<br><br>　　　　Plaintiff-Appellee,<br><br> v.<br><br>CHANHT REATREY KEO,<br><br>　　　　Defendant-Appellant,<br><br> and<br><br>JOHN ARAIZA; KENNETH MCCALLISTER,<br><br>　　　　Defendants. | No. 20-16145<br><br>D.C. No. 3:19-cv-02099-RS<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Richard Seeborg, District Judge, Presiding

Submitted October 12, 2021[**]

---

　　[*]　　This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

　　[**]　　The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before:     TALLMAN, RAWLINSON, and BUMATAY, Circuit Judges.

Chanht Reatrey Keo appeals pro se from the district court's summary judgment in this unlawful detainer proceeding brought against her by Federal Home Loan Mortgage Corporation ("FHLMC"). We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Bravo v. City of Santa Maria*, 665 F.3d 1076, 1083 (9th Cir. 2011). We affirm.

The district court properly granted summary judgment for FHLMC because Keo failed to raise a genuine dispute of material fact as to whether the property was not sold in accordance with California's statutory requirements for nonjudicial foreclosure sales or whether FHLMC did not duly perfect its title. *See* Cal. Civ. Proc. Code §§ 1161a(b)(3) (unlawful detainer actions following a trustee's sale), 1162 (notice-to-quit requirements); *In re Perl*, 811 F.3d 1120, 1128-29 (9th Cir. 2016) (explaining that California law allows for only a "narrow and sharply focused examination of title" in an unlawful detainer action brought following a nonjudicial foreclosure sale); *Dr. Leevil, LLC v. Westlake Health Care Ctr.*, 431 P.3d 151, 157 (Cal. 2018) ("Matters affecting the validity of the trust deed or primary obligation itself, or other basic defects in the plaintiff's title, are neither properly raised in [a] summary [unlawful detainer] proceeding for possession, nor are they concluded by the judgment.").

Contrary to Keo's contention, the district court did not err by entering

summary judgment without holding a hearing. *See* N.D. Cal. Civ. R. 7-1(b) (motions may be decided without oral argument).

We reject as meritless Keo's contention that the district court was biased against her.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Keo's motion for stay of judgment pending appeal (Docket Entry No. 13) and request for a stay pending appeal, set forth in the opening brief, are denied as moot.

**AFFIRMED.**